# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| HARTFORD LIFE AND ANNUITY INSURANCE COMPANY, | CASE NO: 1:18-cv-1305 |
| Plaintiff, | JUDGE: |
| v. | |
| JANIS LYNCH, Individually, JANIS LYNCH, as TRUSTEE of the Kevin Lynch Irrevocable Trust Agreement | **COMPLAINT IN INTERPLEADER** |
| UNITED STATES TRUST COMPANY OF NEW YORK, as SUCCESSOR TRUSTEE of the Kevin Lynch Irrevocable Trust Agreement, | |
| Defendants. | |

## **COMPLAINT IN INTERPLEADER**

Plaintiff Hartford Life and Annuity Insurance Company ("Hartford"), an insurance company organized under the laws of the State of Connecticut, with its principal place of business in Simsbury, Connecticut, by and through its undersigned attorneys, for its Complaint in Interpleader, alleges as follows:

### **PARTIES**

1. Hartford is an insurance company organized and existing under the laws of the State of Connecticut, with its principal place of business at 200 Hopmeadow Street, Simsbury, Connecticut.

2. Upon information and belief, Defendant Janis Lynch is an adult citizen of Ohio and is domiciled in Lorain County, Ohio.

3. Upon information and belief, Defendant United States Trust Company of New York is a citizen of New York with its principal place of business in New York, New York.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under Title 28 U.S. C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00. Hartford is a Connecticut citizen for diversity purposes and the Defendants are citizens of Ohio and New York.

5. This Court also has jurisdiction under 28 U.S.C. § 1335 in that the Defendants are of diverse citizenship and the amount in controversy exceeds $500.00. There is minimal diversity between the claimants under State Farm Fire & Casualty Co. v. Tashire, 386 U.S. 523 (1967). Upon information and belief, the defendants are citizens of Ohio and New York.

6. Venue is proper in this federal district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1397 because one or more of the claimants resides in this judicial district.

## CAUSE OF ACTION IN INTERPLEADER

7. On or about November 24, 1997, Hartford issued individual life insurance policy number WMJ 27 408 00 (the "Policy") to Kevin Lynch (the "Insured"), which provided coverage on the life of the Insured.

8. By Change of Beneficiary form dated December 31, 2003, the Insured designated the "2003 Irrevocable Trust of Kevin Lynch" as the Policy beneficiary, indicating that Janis Lynch was the Trustee. *A copy of the Change of Beneficiary form dated December 31, 2003 is attached hereto as* **Exhibit A.**

9. Upon information and belief, the Insured died on February 4, 2017. *A copy of the Insured's Certification of Death is attached hereto as **Exhibit B***.

10. As a result of the death of the Insured, Policy death benefits in the amount of $1,500,000 became due to a beneficiary or beneficiaries (the "Death Benefit") and Hartford concedes liability to that effect.

11. By Claimant Statement dated June 14, 2017, Janis Lynch, as Trustee of the 2003 Irrevocable Trust Agreement of Kevin W. Lynch (the "Trust") asserted a claim for payment of the Death Benefit. *A copy of the Claimant Statement dated June 14, 2017 is attached hereto as **Exhibit C***.

12. Subsequent to the Insured's death, Hartford was provided with a copy of the Petition for Dissolution of Marriage filed by Janis Lynch and the Insured and which incorporated a Separation and Property Settlement Agreement entered into by Janis Lynch and the Insured. *A copy of the Petition for Dissolution of Marriage together with the Separation and Property Settlement Agreement is attached hereto as **Exhibit D***.

13. Section E, "Intangible Property", Subsection 5, "Life Insurance Trust", of the Separation and Property Settlement Agreement ("Separation Agreement") provides:

> On December 30, 2003, Kevin established the Irrevocable Trust Agreement of Kevin W. Lynch. Said Trust holds a life insurance policy on Kevin's life, with a cash value of approximately $251,000. Said policy shall be surrendered, and the proceeds of such surrender shall be distributed to [Janis Lynch] (who is the Trustee of the Trust).

*See Ex. D*.

14. The Policy was not surrendered at the time of the divorce of the Insured and Janis Lynch divorce (the "Divorce") and was still in force at the time of the Insured's death.

3

15. By virtue of the Change of Beneficiary form dated December 31, 2003 ("2003 Designation"), the Trust was the Policy's beneficiary of record at the time of the Insured's death. *See Ex. A*.

16. Subsequent to the Insured's death, Hartford was also provided with a copy of the Trust. *A copy of the Trust is attached hereto as **Exhibit E***.

17. In the TENTH clause of the Trust, Janis Lynch is named as Trustee of the Trust. *See Ex. E.*

18. The TENTH clause of the Trust, in relevant part, also provides that, if Janis dies, the United States Trust Company of New York shall be the Successor Trustee of the Trust. *See Ex. E.*

19. The FIFTEENTH clause of the Trust provides, in relevant part, that if Janis Lynch and the Insured divorce, "then for all purposes of [the Trust], [Janis] shall be deemed to have died, shall be entitled to nothing hereunder, and shall have no rights hereunder." *See Ex. E.*

20. By virtue of the terms of the Separation Agreement, Janis Lynch may have a claim to the Death Benefit, or a portion thereof.

21. By virtue of the terms of the Separation Agreement and the 2003 Designation, the Trust may have a claim to the Death Benefit, or a portion thereof.

22. By virtue of the Divorce, Janis Lynch would be precluded from serving as Trustee of the Trust.

23. Upon information and belief, the United States Trust Company of New York has not yet assumed its role as purported Successor Trustee of the Trust.

24. There have been no other claims for the Death Benefit. Under the circumstances, Hartford cannot determine factually or legally who is entitled to the Death Benefit. By reason of

the actual or potential claims of the interpleading defendants, Hartford is or may be exposed to multiple liability.

25. Hartford is ready, willing, and able to pay the Death Benefit, plus applicable claim interest, if any, in accordance with the terms of the Policy to whomever this Court shall designate.

26. As a mere stakeholder, Hartford has no interest (except to recover its attorneys' fees and cost of this action) in the Death Benefit and respectfully requests that this Court determine to whom the Death Benefit should be paid.

27. Hartford accordingly will deposit into the Court the Death Benefit, plus claim interest, if any, for disbursement in accordance with the judgment of this Court.

28. Hartford has not brought this Complaint in Interpleader at the request of any of the Defendants. There is no fraud or collusion between Hartford and any of the Defendants. Hartford brings this Complaint of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

**WHEREFORE**, Hartford prays that the Court enter judgment:

(a) requiring the Defendants to answer this Complaint in Interpleader and litigate their claims between themselves for the Death Benefit or otherwise in connection with the Policy and/or Death Benefit;

(b) enjoining the Defendants from instituting or prosecuting any proceeding in any state or United States court affecting the Death Benefit and/or the Policy;

(c) requiring that the Defendants settle and adjust between themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the Death Benefit should be paid;

(d) permitting Hartford to deposit the amount of the Death Benefit, plus applicable claim interest, if any, into the Court or as this Court otherwise directs to be subject to the order of this Court and to be paid out as this Court shall direct;

(e)      discharging Hartford from any and all further liability to Defendants relating in any way to the Policy and/or the Death Benefit upon payment of the Death Benefit into the Registry of this Court or as otherwise directed by this Court;

(f)      awarding Hartford its attorneys' fees and costs in their entirety; and

(g)      awarding Hartford any other and further relief that this Court deems just and proper.

                                               Respectfully submitted,

                                               */s/Lauren C. Tompkins*
                                               Karen L. Giffen (0042663)
                                               Lauren C. Tompkins (0087304)
                                               GIFFEN & KAMINSKI, LLC
                                               1300 East Ninth Street, Suite 1600
                                               Cleveland, Ohio 44114
                                               Telephone: 216-621-5161
                                               Facsimile:  216-621-2399
                                               E-Mail:     kgiffen@thinkgk.com
                                                                              ltompkins@thinkgk.com
                                               ***Counsel for Plaintiff The Hartford Life and Annuity Insurance Company***